Graham St. Michel (#16989)
John V. Mensik (#16933)
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline, Nevada 89449-5310
Tel: (775) 588-4547
gstmichel@trpa.gov
jmensik@trpa.gov

*Attorneys for Tahoe Regional Planning Agency*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DOUGLAS FLAHERTY                               ) Case No.: 3:26-cv-00119-MMD-CSD
                                               )
      Plaintiff,                           )
                                               )
      vs.                                  ) **SCHEDULING ORDER**
                                               )
TAHOE REGIONAL PLANNING AGENCY,                )
                                               )
      Defendant.                           )
                                               )
                                               )
                                               )

Pursuant to the Court's Order Setting Case Management Conference (Dkt. No. 8), Federal Rule of Civil Procedure ("FRCP") 16, and Local Rule 16-1(c)(1), Plaintiff Douglas Flaherty and Defendant Tahoe Regional Planning Agency ("TRPA") (collectively, "the Parties") hereby submit a proposed scheduling order for this action.

As reported in the concurrently submitted Joint Case Management Report, the Parties presently anticipate that this case will be resolved through judicial review of TRPA's administrative record, the Tahoe Regional Planning Compact ("Compact"), and applicable planning documents and regulations, and therefore the Parties do not presently intend to seek

Proposed Scheduling Order                                                                                    1

discovery. Local Rule 16-1(c) provides that cases such as this one—"actions for review on an administrative record"—are to be "governed by the entry of an order establishing a briefing schedule and other appropriate matters." Accordingly, the Parties jointly propose the following schedule for resolution of this case:

**Administrative Record**

- Defendant shall file and serve the certified administrative record[1] by **June 5, 2026**.

- Plaintiff shall notify Defendant whether he believes the administrative record is incomplete or requires supplementation with additional materials, whether he believes any exceptions to record review are applicable, and/or whether he believes there is need for any judicial review of materials outside the record in this case, including materials Plaintiff believes are subject to judicial notice, by **June 18, 2026.**

- The Parties shall consult about any and all issues related to the administrative record raised by Plaintiff—including completeness, supplementation, or judicial notice—and attempt to resolve any disputes no later than **July 2, 2026**.

- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiff will file a motion to complete and/or supplement the record, or to request judicial notice of any extra-record materials, by **July 31, 2026**.

   o Defendant's opposition to Plaintiff's motion will be due by **August 28, 2026**.

   o Plaintiff's reply will be due by **September 11, 2026**.

---

[1]Defendant will file the notice of lodging the administrative record through the CM/ECF system and lodge the administrative record with the Clerk of this Court in electronic format using USB flash drives, including a hyperlinked index. Defendants will also send USB flash drives of the administrative record and index to Plaintiff.

- If Plaintiff files a motion related to the administrative record, including any motion for judicial notice of extra-record materials, the summary judgment schedule outlined below shall be suspended. The Parties will submit a new, mutually agreeable summary judgment schedule within seven days of the Court's decision on Plaintiff's motion.

**Discovery**

The Parties do not presently propose discovery deadlines because they do not presently anticipate discovery beyond matters, if any, relating to the administrative record. Nothing in this proposal precludes either party from later seeking leave of the Court for targeted discovery upon a showing that such discovery is warranted.

**Cross-Motions for Summary Judgment**

If there are no administrative record disputes, the Parties agree to the following schedule:

- Plaintiff shall file his Motion for Summary Judgment by **August 4, 2026**, which can be up to 30 pages excluding tables and exhibits.

- Defendant shall file its combined Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment by **September 18, 2026**, which can be up to 60 pages in length excluding tables and exhibits.

- Plaintiff shall file his combined Response to Defendant's Motion and Reply in support of his own Motion by **October 16, 2026**, which can be up to 50 pages excluding tables and exhibits.

- Defendant shall file its Reply in support of its Motion by **November 13, 2026**, which can be up to 20 pages excluding tables and exhibits.

The Parties respectfully submit that the page limitations are consistent with Local Rule 7-3(a). Local Rule 7-3(a) limits a motion for summary judgment and a response to a motion for

summary judgment to 30 pages each, and a reply in support of a motion for summary judgment to 20 pages. Because this dispute involves cross-motions for summary judgment, if the Parties filed their briefing separately rather than in consolidated form, each Party would be entitled to a 30-page opening brief, a 30-page response, and a 20-page reply—six total briefs aggregating 160 pages. The Parties' proposal consolidates those six briefs into four while preserving the same aggregate page allotment. For example, Plaintiff's combined Response and Reply is proposed as a single 50-page brief, rather than separate 30- and 20-page filings. Consolidation will reduce the number of summary judgment filings before the Court from six to four without increasing the total pages the Court must consider, thus conserving judicial resources.

Because the proposal neither increases the aggregate page total authorized by Local Rule 7-3(a) for cross-motion briefing nor expands any individual consolidated filing beyond the sum of the component briefs it replaces, the Parties respectfully submit that this proposal is not a request to expand page limitations under Local Rule 7-3(c). To the extent the Court views the proposed consolidated page limits as requiring approval under the Local Rules, the Parties jointly request such approval. Consistent with Local Rule 7-3(c), the Parties will ensure that any consolidated filing includes a table of contents and a table of authorities.

The Parties further submit that the proposed briefing schedule, while longer than the default summary judgment schedule under Local Rule 7-2(b), is reasonable in light of the Parties' agreement to resolve this matter via consolidated cross-motions for summary judgment, and because this is a complex case involving the review of an extensive administrative record, as well as the Compact and TRPA regulations.

If the Court prefers a different briefing structure or different page limitations or deadlines, the Parties respectfully request leave to submit a revised proposed schedule.

DATED: April 29, 2026

TAHOE REGIONAL PLANNING AGENCY

/s/ Graham St. Michel
Graham St. Michel (#16989)
John V. Mensik (#16933)
P.O. Box 5310
Stateline, NV 89449-5310
(775) 588-4547
gstmichel@trpa.gov
jmensik@trpa.gov

*Attorneys for Tahoe Regional Planning Agency*

DATED: April 29, 2026

*Douglas E. Flaherty*
Douglas E. Flaherty
774 Mays Blvd., 10-691
Incline Village, NV 89451
(714) 473-0508
TahoeBlue365@gmail.com

*Plaintiff Pro Se*

IT IS SO ORDERED.

Dated: April 30, 2026

_____
Craig S. Denney
United States Magistrate Judge

Proposed Scheduling Order

5